United States Bankruptcy Court
Southern District of Texas

**ENTERED**

April 20, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 25-33416** |
| **PRATIK ASHOK GANDHI,** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| | § | **CHAPTER 7** |

## ORDER DENYING MOTION

Before the Court is the Debtor's Motion to Enforce the Automatic Stay and for Sanctions for Violating the Automatic Stay (ECF No. 148) and the Creditor's Response in Opposition to the Debtor's Motion to Enforce the Automatic Stay and for Sanctions (ECF No. 149). After review, the Motion is denied.

The Court finds the motion of the debtor somewhat misguided.  The debtor is Pratik Ashtok Gandhi, who was at one time protected by the automatic stay of 11 USC § 362.  However, the debtor seeks relief for various parties, NVSTORS, LLC [an entity he claims to own], a former business associate, Paul Nguyen, as well as the Debtor's wife and father, Natasha Ganshi and Ashok Gandhi.  All of these parties are not debtors in this case and have never been protected by any automatic stay in any bankruptcy case.  The Court stresses that this is a Chapter 7 case and that staying proceedings against non-bankruptcy co-defendants is an unusual event. Typically, it arises only in very limited cases, Chapter 11 cases where such relief is required for a successful reorganization and it is always limited in scope.  The Court stress this is a Chapter 7 liquidation and not a reorganization.

The debtor seeks in the motion's prayer for "the Court to enforce the automatic stay against the Creditors and impose an appropriate sanction for knowingly and intentionally violating the automatic stay, including but not limited to the award of attorneys' fees incurred in bringing this Motion and in defending the state court action since the imposition of the automatic stay."

Seeking further clarification, the Court reviewed the proposed order filed by the debtor.  It seeks relief as follows:

ACCORDINGNLY [sic], creditors Arsheen Memon, Madhusudhan Bitra and Sreenivas Gundu are Ordered that their state court action in 2024-81918; Arsheen Memon v. Pratik Gandhi et al.; in the District Court of Harris County, Texas 133rd Judicial District **is subject to the Automatic Stay** and are precluded from pursuing claims therein.

The major issue is that there is no automatic stay in this case to enforce and stop prosecution of the state court action.  The automatic stay in this case was terminated on November 18, 2025.

1 / 3

The automatic stay is in effect until a discharge is granted or denied in a Chapter 7 Case.[1]  Here, the Debtor discharge was waived on November 18, 2026.  The waiver of discharge operates as a denial of discharge.  Thus, the automatic stay has terminated in this case.

Assuming that there was a violation of the automatic stay[2] actions taken in violation of the automatic stay are not void but voidable.  This Court retains discretion to annul the automatic stay retroactively.  Given the waiver of discharge the Court believes it would either (1) choose not to void actions that violated the stay or (2) annul the automatic stay retroactively.

For the reasons so stated the Court finds no merit in the debtor's chief complaint that Creditors' Arsheen Memon, Madhusudhan Bitra, and Sreenivas Gundu continued pursuit of a state court lawsuit violates the automatic stay in this case.  Debtor argues the Creditors have violated the stay by continuing to litigate causes of action against NVSTORS, LLC, which violates the automatic stay because the Debtor is the sole owner of NVSTORS, LLC, and any judgment against NVSTORS would be a judgment against the Debtor.  The Court as stated disagrees.

Generally, the automatic stay only applies to the bankruptcy estate and the debtor's property.[3]  There are "unusual situations" where a debtor's automatic stay can extend to non-debtor third parties. Courts have defined the unusual situations as "when the liability of the nonbankrupt is not independent of the debtor's liability and a judgment against the nonbankrupt will be binding upon the debtor's estate[.]"[4] Here, the debtor has not provided any unusual circumstances justifying the extreme remedy of imputing the automatic stay that went into effect upon his individual bankruptcy filing to a separate corporate entity.

The Debtor has been severed out completely from the state court lawsuit.[5] The only remaining parties are NVSTORS, LLC, Paul Nguyen, Natasha Animesh Solanki Gandhi, and Ashok Ghandi. None of these other parties have bankruptcy protection. Because the Debtor has been severed out, the Creditors' continued litigation would not affect the bankruptcy estate or the debtor's property. The litigation would only affect the remaining parties. Additionally, Debtor lists his ownership in NVSTORS on Amended Schedule A/B.[6]

Still further the debtor makes broad allegations that the creditors are impeding fraudulent transfer claims or other claims held by the bankrupt estate.[7]  If they exist, they are under sole control and ownership of the Chapter 7 Trustee.  The Court holds that the debtor lacks standing to object to actions taken by the creditors that relate to any of these claims belonging to the Chapter 7 Trustee.  If the creditors are impeding these claims, then the Trustee and not the debtor should seek affirmative relief.

---

[1] *See* 11 U.S.C. § 362 (c)(2)(C).

[2] This is subject to dispute, and the Court makes no legal or factual holding that the stay was or was not violated.

[3] *See* 11 U.S.C. 362(a).

[4] *In re S.I. Acquisition, LLC*, 817 F.2d 1142, 1148 (5th Cir. 1987) (quoting *A.H. Robins Co., Inc. v. Piccinin,* 788 F.2d 994, 999 (4th Cir. 1986)).

[5] ECF No. 149-2.

[6] ECF No. 32.

[7] The debtor states "the claims against Natasha and Ashok Gandhi actually sought the recovery of property belonging to the Debtor's bankruptcy estate."

**THEREFORE IT IS ORDERED** that the Debtor's Motion to Enforce the Automatic Stay and For Sanctions for Violating the Automatic Stay (ECF No. 148) is denied.

SIGNED 04/20/2026

_____
Jeffrey Norman
United States Bankruptcy Judge